UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN C. SMURPHAT, II,

                      Plaintiff,

v.                                                                             8:19-CV-0804
                                                                           (GTS/CFH)

MICHAEL HOBB, Parole Officer; SHARRON TABONE,
Sr. Parole Officer; CHRIS SAWYER, Parole Officer; KYLE
REIF, Parole Officer; SCOTT BAILEY, Parole Officer;
RICK HOTALING, Sr. Parole Officer; JEFF KIRKER,
Bureau Chief; and KEN GILBERT, Reg'l Dir.,

                      Defendants.
_____

APPEARANCES:

KEVIN C. SMURPHAT, II, 10-A-2976
  Plaintiff, *Pro Se*
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Kevin C. Smurphat, II ("Plaintiff") against the eight above-captioned employees of the New York State Department of Corrections and Community Supervision's Board of Parole ("Defendants"), are United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that the claims in Plaintiff's Complaint be *sua sponte* dismissed (some with prejudice and the rest without prejudice) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 5, 6.) For the reasons set forth below, the

Report-Recommendation is accepted and adopted in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered the following three findings of fact and conclusions of law: (1) Plaintiff's claims concerning the addition of special conditions of parole, the revocation of his parole, and a conspiracy to re-incarcerate him, should be dismissed after an opportunity to amend them if he cannot overcome the bar on such claims imposed by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Plaintiff's Fourth Amendment claim for excessive property damage should be dismissed after an opportunity to amend it if he cannot correct the pleading defects in that claim; and (3) the remainder of Plaintiff's claims (e.g., his claims arising from the alleged disclosure of his protected health information, alleged verbal harassment, alleged strip frisk, and an alleged failure to protect him from his stepfather) should be dismissed with prejudice at this time for failure to state a claim. (Dkt. No. 5, at Part II.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objections assert the following five arguments: (1) Plaintiff's claim arising from the revocation of his parole is not barred by *Heck v. Humphrey* because the claim is not challenging the truth of the parole-violation report but the non-physical "assault" to which he was subjected during the course of the revocation of his parole; (2) Plaintiff's claim arising from the special conditions of parole in question (i.e., disallowing contact with his co-worker Mrs. Kayla Ashline and her stepfather Mr. Arthur Whitney) is not barred by *Heck* because his violation of those special conditions did not give rise to the

revocation of his parole; (3) Plaintiff's Fourth Amendment claim is not barred by *Heck* because the claim arises from the manner of the search, and the manner of the search did not give rise to the revocation of his parole; (4) Plaintiff's claim arising the disclosure of his protected health information and/or highly personal information is actionable because the disclosure was intentional and affirmatively created or enhanced a danger of private violence to Plaintiff; and (5) Plaintiff's claim arising from being "strip searched" and left in boxer shorts in full view of several passers by is actionable under *Crosby v. Hare*, 932 F. Supp. 490 (W.D.N.Y. 1996). (Dkt. No. 6.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no error in those portions of

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds the following analysis.

With regard to Plaintiff's first objection, the Court rejects Plaintiff's argument that his Complaint has alleged facts plausibly suggesting an actionable assault.

With regard to Plaintiff's second objection, the Court rejects Plaintiff's argument that the violations of the two special conditions referenced in his Objections, even if they indeed form the basis of a claim in his Complaint, are (as currently alleged) unrelated to his parole revocation for purposes of *Heck*.

With regard to Plaintiff's third objection, the Court rejects Plaintiff's argument that the manner of the search in question, even if it indeed forms the basis of a claim in his Complaint, is (as currently alleged) both actionable and unrelated to his parole revocation for purposes of *Heck*.

With regard to Plaintiff's fourth objection, the Court rejects Plaintiff's argument that the Complaint's alleged disclosure of his "protected health information" and/or "highly personal information" is actionable.

Finally, with regard to Plaintiff's fifth objection, the Court rejects Plaintiff's argument that the Complaint's alleged strip frisk is actionable under *Crosby v. Hare*, 932 F. Supp. 490 (W.D.N.Y. 1996), which found no violation of the Fourth Amendment rights of a female plaintiff who was completely naked in a bathroom in brief view of a male officer, and passing view of various other male officers, during a search.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Complaint's claims concerning the addition of special conditions of parole, the revocation of Plaintiff's parole, and a conspiracy to re-incarcerate him, **shall be DISMISSED with prejudice UNLESS**, **within THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an **Amended Complaint** that overcomes the bar on such claims imposed by *Heck v. Humphrey*, 512 U.S. 477 (1994); and it is further

**ORDERED** that the Complaint's Fourth Amendment claim for excessive property damage **shall be DISMISSED with prejudice UNLESS**, **within THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an **Amended Complaint** that corrects the pleading defects in that claim; and it is further

**ORDERED** that the remainder of the Complaint's claims (e.g., Plaintiff's claims arising from the alleged disclosure of his protected health information, alleged verbal harassment, alleged strip frisk, and an alleged failure to protect him from his stepfather) are **DISMISSED with prejudice** for failure to state a claim; and it is further

**ORDERED** that any Amended Complaint that Plaintiff files must be a complete pleading that replaces and supersedes his original Complaint in its entirety (without any incorporation by reference), and may not re-assert any claims that have been dismissed with prejudice by the Court; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint in a timely fashion, the Clerk shall return the file to Magistrate Judge Hummel for his review.

Dated: December 13, 2019
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge