UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN C. SMURPHAT, II,

                      Plaintiff,
    v.
                                                 No. 8:19-CV-804
MICHAEL HOBB, Parole Officer, et al.,        (GTS/CFH)

                      Defendants.
_____

APPEARANCES:

Kevin C. Smurphat, II
10-A-2976
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953
Plaintiff pro se

CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION & ORDER

### I. Procedural Background

On September 27, 2019, the undersigned issued a Report-Recommendation & Order granting plaintiff's application to proceed in forma pauperis and recommending that plaintiff's claims be dismissed. See Dkt. No. 5. As relevant here, the undersigned recommended dismissal without prejudice for (1) plaintiff's Fourth Amendment excessive property damage claim; and (2) plaintiff's claims relating to the alterations and revocation of his parole and his section 1983 conspiracy claim only if plaintiff could overcome the bar placed on such claims by Heck v. Humphrey, 512 U.S. 477 (1994). See id. at 17. The undersigned recommended dismissal with prejudice for all of

plaintiff's remaining claims.  See id.  On October 15, 2019, plaintif filed objections to the Report-Recommendation & Order.  See Dkt. No. 6.  On December 13, 2019, Chief U.S. District Court Judge Glenn T. Suddaby accepted and adopted the undersigned's Report-Recommendation & Order in its entirety, and ordered that (1) plaintiff's claims concerning the addition of special conditions of parole, revocation of parole, and a conspiracy to re-incarcerate plaintiff be dismissed with prejudice unless, within thirty days of the date of the decision and order adopting the Report-Recommendation, plaintiff filed an amended complaint that overcame the bar on such claims imposed by Heck; (2) plaintiff's Fourth Amendment excessive property damage claim be dismissed with prejudice unless, within thirty days from the date of the decision and order, plaintiff filed an amended complaint that corrected the pleading defects in that claim; and (3) plaintiff's remaining claims were dismissed with prejudice for failure to state a claim.  See Dkt. No. 7 at 7.

On December 20, 2019, plaintiff filed a notice of interlocutory appeal of the Report-Recommendation & Order to the United States Court of Appeals for the Second Circuit.  See  Dkt. No. 8.  Plaintiff did not file an amended complaint with this Court within thirty days of Judge Suddaby's Decision and Order.  On February 18, 2020, Judge Suddaby directed the issuance of a judgment for defendants and closure of the action for plaintiff's failure to timely file an amended complaint, noting that plaintiff's interlocutory appeal did not divest this Court of jurisdiction over the action.  See Dkt. Nos. 11, 12.  On March 11, 2020, plaintiff moved to vacate the judgment and for leave to file an amended complaint.  See Dkt. No. 13.  Judge Suddaby granted plaintiff's motion, see Dkt. No. 14, and plaintiff filed an amended complaint on March 17, 2020.

See Dkt. No. 15 ("Amen. Compl."). Judge Suddaby referred the amended complaint to the undersigned. See Dkt. No. 14. Thus, presently pending before the undersigned is review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915.

## II. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189

F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

### III. Plaintiff's Amended Complaint[1]

### A. Fourth Amendment Excessive Property Damage Claim

The Second Circuit has made clear that "'[e]xcessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though

---

[1] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

the entry itself is lawful and the fruits of the search are not subject to suppression.'" United States v. Howard, 489 F.3d 484, 497 (2d Cir. 2007) (quoting United States v. Ramirez, 523 U.S. 65, 71 (1998)).  However, "it is well recognized that 'officers executing search warrants on occasion must damage property in order to perform their duty.'"  Diaz v. City of New York, No. 00-CV-2944 (JMA), 2006 WL 3833164, at *7 (E.D.N.Y. Dec. 29, 2006) (quoting Cody v. Mello, 59 F.3d 13, 16 (2d Cir. 1995) (internal quotation marks and additional citation omitted)).  "[T]he Supreme Court has held that a 'seizure' under the Fourth Amendment 'occurs when there is some meaningful interference with an individual's possessory interests in that property.'"  Heidorf v. Town of Northumberland, 985 F. Supp. 250, 257 (N.D.N.Y. 1997) (quoting Soldal v. CookCounty, Illinois, 505 U.S. 56, 61 (1992) (additional internal quotation marks omitted)).  For a plaintiff to succeed on a Fourth Amendment claim for destruction of property, he "must establish that the officers' actions were unreasonable or malicious, and that more than ordinary disarray and damage incident to the execution of the warrant or search occurred."  Jackson ex rel. Jackson v. Suffolk County, 87 F. Supp. 3d 386, 401(E.D.N.Y. 2015) (internal quotation marks and citation omitted).  However, "'[s]ome property damage caused during a lawful search is not *per se* unreasonable within the meaning of the Fourth Amendment . . . .  The reasonableness of the damage must be evaluated with reference to the target of the search,' such as a more invasive contraband search."  Id. at 401-02 (quoting Koller v. Hillerbrand, 933 F. Supp. 2d 272, 278 (D. Conn. 2013)).

      Plaintiff's original complaint alleged that, during a search of his mother's home conducted by "[d]efendants Hobb, Sawyer and Reif," "Hobb's method of conducting his

6

search directly resulted in the unnecessary, unwarented [sic] and vengeful destruction of plaintiff's personal property. Specifically, . . . Hobb unceremoniously tossed everything onto [plaintiff's] bed to include, but not limited to, food, drink and an ashtray thus causing permanent damage." Dkt. No. 1 at 17 ¶ 56. Plaintiff also alleged that Hobb stated that "unauthorized items [were] found in plaintiff's possession," that "[d]efendant . . . Tabone authorized a warrant," and that plaintiff was taken into custody pending a parole revocation hearing. Id. at ¶ 57.

In the September 27, 2019 Report-Recommendation & Order, the undersigned concluded that plaintiff failed to sufficiently plead a claim for excessive property damage under the Fourth Amendment because he had "not provided the Court with sufficient information surrounding the search—such as the target of the search and whether any contraband was found as a result of the search such that the Court c[ould] assess the reasonableness." Dkt. No. 5 at 12 (citing Jackson, 9 F. Supp. 3d at 401).

As relevant here, in his amended complaint, plaintiff alleges that "[d]efendants Hobb, Sawyer, and Reif" "engaged in the search . . . that destroyed several items belonging to plaintiff." Amen. Compl. at 25 ¶ 126. He supplements his original pleading with the following paragraph:

> Articles damaged during the search include a mattress, pillow, pillowcase, blankets, and sheets along with legal documents, mail, and other legal and business papers. The damage was effected [sic] by dumping food, water, coffee, and an ashtray over plaintiff's bed and desk. Plaintiff's sheets were torn and appeared as if someone had cut them. In fact, several areas appeared damaged as if they were cut with a knife.

Id. at 26 ¶ 127. Plaintiff now offers the inconsistent allegations that "Hobb was unable to find anything," but also reasserts that, "[d]ue to contraband being found, a parole

7

warrant was issued," and that he was taken into custody pending "further administrative violation proceedings." Id. at ¶¶ 130, 131.

The undersigned concludes that plaintiff's amended complaint fails to sufficiently allege a Fourth Amendment claim for excessive property damage. Plaintiff's amended complaint offers only vague allegations that defendants damaged unspecified legal and business documents and his bed linens and mattress by conclusorily asserting that they dumped food, water, and coffee on his bed and desk. See Amen. Compl. at 26 ¶ 127. Plaintiff offers no factual allegations concerning the purportedly damaged documents or other property aside from stating that it "appeared" that one of his sheets was "cut with a knife." Id. In addition, plaintiff fails to specify the target of the alleged search, and offers only vague and conflicting allegations as to whether contraband was actually found. See id. Thus, the undersigned concludes that plaintiff's amended complaint fails to allege that the purported property damage amounted to "more than ordinary disarray and damage incident to the execution of the warrant or search." Jackson ex rel. Jackson v. Suffolk County, 8 F. Supp. 3d 386, 401(E.D.N.Y. 2015) (internal quotation marks and citation omitted). While mindful of his pro se status, the undersigned recommends dismissing plaintiff's Fourth Amendment claim pursuant to the Court's December 13, 2019 Decision and Order, as he has already been afforded an opportunity to amend his pleading and has again failed to state a claim in this regard. See Dkt. No. 7 at 7.

**B. Heck**

In the September 27, 2019 Report-Recommendation & Order, the undersigned indicated that it appeared that plaintiff was attempting to challenge the terms and conditions of his parole as well as his parole revocation, and to allege that defendants engaged in a conspiracy to re-incarcerate him in violation of his constitutional rights. See Dkt. No. 5 at 10, 14. The undersigned indicated that, because plaintiff had not alleged that the parole revocation had been reversed or set aside, plaintiff's section 1983 conspiracy claim appeared barred by Heck. See id. at 10. Further, the undersigned concluded, to the extent that plaintiff challenged the terms and conditions of his parole and/or alleged that defendant Hobb's conduct resulted in alterations to the terms and conditions of his parole, plaintiff's claims were barred by Heck. See id. at 10, 14. Consequently, the undersigned recommended dismissing plaintiff's claims concerning the terms and conditions and/or revocation of his parole and section 1983 conspiracy claim without prejudice as barred by Heck. See id. at 11, 14, 17.

In Heck, the Supreme Court of the United States created a jurisdictional prerequisite to civil suits brought under 42 U.S.C. § 1983:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote and citation omitted).

9

Upon careful review of the amended complaint, the undersigned determines that plaintiff merely reasserts the same allegations concerning the alterations to the terms and conditions of his supervised release and revocation thereof, his section 1983 conspiracy claim, and the allegations concerning defendant Hobb's purported conduct with respect thereto. See generally Amen. Compl. Significantly, despite the Court's explicit directive that plaintiff's claims in this regard would be dismissed with prejudice unless he could overcome the Heck bar, see Dkt. No. 5 at 11, 14, 17; Dkt. No. 7 at 7, the amended complaint is devoid of any allegations that the alterations to and/or revocation of his parole were invalidated or set aside and makes no reference whatsoever to Heck. See generally Amen. Compl. Thus, because the amended complaint fails to overcome the Heck bar with respect to these claims, it is recommended that these claims be dismissed with prejudice and without opportunity to amend, pursuant to the Court's December 13, 2019 Decision and Order. See Dkt. No. 7 at 7.

## IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 15) be **DISMISSED WITH PREJUDICE AND WITHOUT OPPORTUNITY TO AMEND**, as plaintiff has failed to (1) allege facts to sufficiently state a Fourth Amendment excessive property damage claim; or (2) sufficiently allege facts to overcome the bar imposed on his claims concerning the addition of special conditions of parole, the revocation of his

parole, or section 1983 conspiracy imposed by Heck v. Humphrey, 512 U.S. 477 (1994), and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[2]

Dated: September 21, 2020
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[2]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).