UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN C. SMURPHAT, II,

                     Plaintiff,

v.

MICHAEL HOBB, Parole Officer; SHARRON TABONE,
Sr. Parole Officer; CHRIS SAWYER, Parole Officer;
KYLE REIF, Parole Officer; SCOTT BAILEY, Parole
Officer; RICK HOTALING, Sr. Parole Officer; JEFF
KIRKER, Bureau Chief; and KEN GILBERT, Reg'l Dir.,

                     Defendants.
_____

8:19-CV-0804
(GTS/CFH)

APPEARANCES:

KEVIN C. SMUPRHAT, II
   Plaintiff, *Pro Se*
35 8th Avenue
Hudson Falls, New York 12839

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Kevin C. Smurphat, II ("Plaintiff") against the eight above-captioned employees of the New York State Department of Corrections and Community Supervision Board of Parole ("Defendants"), are (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 18, 20.)   For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Amended Complaint is dismissed with prejudice.

## I. RELEVANT BACKGROUND

Generally, liberally construed, Plaintiff's Objections assert the following two challenges to Magistrate Judge Hummel's Report-Recommendation: (1) Plaintiff's Fourth Amendment claim for excessive property damage should not be dismissed because his Amended Complaint has alleged facts plausibly suggesting that the officers' actions were malicious in that there could be no reasonable need to cut his bed sheet and dump coffee, water and an ashtray on (and thus destroy) his bed, clothes and documents during the search; and (2) Plaintiff's claims concerning the addition of special conditions of parole, the revocation of his parole, and a conspiracy under 42 U.S.C. § 1983 should not be dismissed because the bar created by *Heck v. Humphrey*, 512 U.S. 477 (1994), applies only to a conviction or imprisonment, and Plaintiff's claims in no way regard a conviction or imprisonment but the imposition of a special condition of parole. (*See generally* Dkt. No. 20.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)©). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1©).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).   Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]   Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1)(C)).

## III.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Hummel's thorough Report-Recommendation, the Court can find no error in the portions of the Report-Recommendation to which Plaintiff has specifically objection, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Hummel has employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds four points.

First, to the extent that Plaintiff's Objections attempt to assert any factual allegations not asserted in his Amended Complaint, the Court finds that those allegations may not effectively amend those asserted in his Amended Complaint for each of three reasons: (1) they were not presented to Magistrate Judge Hummel; (2) they are conspicuously absent from his otherwise-detailed Amended Complaint and thus inconsistent with it; and (3) Plaintiff has already had the opportunity to amend his Complaint (and such a further de facto amendment would make in unduly burdensome for Defendants to fairly answer the Amended Complaint).

Second, in any event, the Court has difficulty finding that Plaintiff has alleged facts plausibly suggesting that no reasonable need existed to cut his bed sheet and dump materials on his bed given his speculation concerning how the bed sheet was cut and his express acknowledgment that contraband was indeed found during the search. (Dkt. No. 15, at ¶¶ 127, 131.)

Third, regardless of whether Plaintiff has alleged facts plausibly suggesting that the officers' actions were unreasonable or malicious, he has not alleged facts plausibly suggesting that "more than ordinary disarray and damage incident to the execution of the warrant or search occurred." *Jackson ex rel. Jackson v. Suffolk Cnty.*, 87 F. Supp. 3d 386, 401 (E.D.N.Y. 2015).

Fourth, contrary to Plaintiff's argument, the bar created by *Heck v. Humphrey*, 512 U.S. 477 (1994), does indeed apply to (among other things) challenges to the terms and conditions of his parole, and his parole revocation. *See, e.g., Partee v. City of Syracuse*, 19-CV-0417, 2019 WL 2617901, at *7 (N.D.N.Y. May 23, 2019) (Peebles, M.J.), adopted, 2019 WL 2616954 (N.D.N.Y. June 26, 2019) (McAvoy, J.).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 15) is **DISMISSED with prejudice**.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: January 14, 2021
   Syracuse, New York

_____
Glenn T. Suddaby
Chief U.S. District Judge